JAMES McCREARY vs. MOSES C. TAGGART AND JAMES TAGGART.

In pleading an award it must appear that all the conditions required by the terms of the submission were complied with.

A plea of an award, alleging that the arbitrators "made their award in writing * * * in the following terms" setting out a copy with the names of the arbitrators thereto, sufficiently shows that the arbitrators complied with the terms of the submission requiring them "to make and *sign*" an award.

Plaintiff brought a civil action against defendant for assault and battery, and also preferred an indictment against him for the same offense. They then agreed to refer the whole matter to arbitration, the plaintiff agreeing to withdraw the civil action, and also the indictment, "as far as he may be able," upon the award being made and complied with. An award was made, which defendant complied with, and pleaded in bar of the civil action: *Held*, that the plea was good, the award not being vitiated by the agreement in reference to the indictment.

BEFORE ORR, J., AT ABBEVILLE, AUGUST TERM, 1869.

The plaintiff, James McCreary, brought an action of trespass against the defendants for assault and battery, and also preferred an indictment against them for the same offense. After issue joined in the civil action, the plaintiff and Moses C. Taggart, one of the defendants, made an agreement to refer all matters in issue between them, as well in the civil action as in the indictment, to arbitration—they mutually binding themselves to abide by such award as the arbitrators, or a majority of them, "shall make and sign," and the plaintiff agreeing to withdraw the civil action, and also the prosecution, "as far as he may be able," as to the said Moses C. Taggart, upon the award being made and complied with. A majority of the arbitrators made an award requiring the defendant, Moses C. Taggart, to pay to the plaintiff $150, and each party to pay his own costs.

Moses C. Taggart tendered the amount of the award, which was refused, and he then, by leave of the Court, pleaded the submission and award in bar of the civil action. The plea alleged that "a majority of the said arbitrators made their award, in writing, of and concerning the premises so referred to them as aforesaid, in the following terms, viz:" setting out a copy of the award, with the names thereto of the majority who made it; but the plea did not. allege that the arbitrators composing the majority had signed the award.

The plaintiff demurred generally to the plea, and His Honor the Circuit Judge overruled the demurrer.

The plaintiff sued out a writ of error and assigned for error :

1. That the plea does not show and aver that a majority of the arbitrators "made and signed." the award in conformity .with the submission.

2. That the plea shows and avers that an indictment for a criminal offense was one of the causes and matters submitted to arbitration, and was embraced in the award pleaded.

*Burt*, for plaintiff in error:

1. In general, whatever circumstances are necessary to constitute the cause of complaint, or the ground of defense, must be stated in the pleadings.—1 Chitty on Pleadings, 215.

A long established form of pleading applicable to the facts of the particular case, should be observed.—*Idem*, 222.

The circumstances which constitute the ground of defense in this cause are the alleged submission and award.

The terms of· the submission are that the award " shall be made and *signed* by a majority of the arbitrators."

Signing the award by the arbitrators is made, by the submission, the indispensable condition of its validity.

A submission to arbitrators is the delegation of a special authority, and any condition may be annexed to such special authority; the terms of the submission are the law which define the powers of arbitrators.   Every fact or circumstance, which is an element in the validity of an award, must be alleged in pleading; the signing of .the award is such an element, and must be alleged.   An award must be alleged to have been made in *form* and in *substance* in pursuance of the submission—or if the submission require the award to be in writing, or under the hand and seal of the arbitrators, it must be alleged to have been so made; and the omission would be fatal on demurrer, or in arrest of judgment, or in error.—Watson on Arb. and Awards, 372–3; Russell on Arb., 492; Billings' Law of Awards, 130; Viner's Abridg., Title Arbitrators, 118, 119; *Henderson* vs. *Williamson*, 1 Str., 116; *Everard* vs. *Patterson*, 2 Marsh. Rep., 304; same case, 6 Taunt., 614; 2 Saund. Rep., 62, note 3; *Stanton* vs. *Henry*, 11 Johns. Rep., 133.

2. Matters purely of a criminal nature cannot be submitted to arbitration.—Watson on Arb. and Awards, 59.

As a general rule, indictments, the subject-matter of which may be the foundation of a civil action, may, with the assent of the

Court, be referred to arbitration.—Billings' Law of Awards, 26; *Thorpe* vs. *Cole*, 1 M. & W., 531.

The submission in this case was not by order of Court.

*Perrin & Cothran*, for defendant in error.

May 18, 1871. The opinion of the Court was delivered by

MOSES, C. J. The action was trespass *vi et armis*. The defendant, Moses C. Taggart, plead (*puis darrein continuance*,) in further bar of the action, that he and the said plaintiff had, in writing, under their hands and seals, mutually referred to arbitration all matters and things between them to the arbitrament of certain persons named in the submission, and that they had mutually bound themselves to abide by the award of the arbitrators, or a majority of them, which they or such majority "shall make and sign." That an award was made in writing, which is fully set out, to which each of the arbitrators who concurred (being a majority of the whole,) severally subscribed their names. That the amount awarded to be paid the said plaintiff was tendered and refused.

The defendant filed a demurrer, and alleged as cause, that, as the agreement to refer required the award to be made and signed by the arbitrators, it should have been averred, not only that it had been made, but also that it had been signed.

There is no doubt that all the circumstances necessary to constitute the cause of complaint, or the ground of defence, must be alledged in the pleadings. On the one hand, they constitute the *gravamen* on which the plaintiff rests his action, and on the other they furnish the means by which it is sought to defeat it. The precision that is necessary must not only be of a character sufficient to inform the plaintiff of the objection relied on to resist his writ but must be submitted in conformity with the rules of pleading, which have been established by a long line of precedents well understood and easily to be ascertained.

Though technical in their mode, yet the obligation is as strongly imposed on a Court to adhere to their application as to enforce any legal principles. They constitute, of themselves, perfect legal rules intended to secure rights and to punish wrongs.

An action on an award, or a plea of award rendered, forms no exception to the requisition. It is not sufficient that the award should be set forth in substance; all the essential conditions which the parties prescribe in the submission must be shewn to have been complied with. They make it the law by which they are to be

Columbia, April, 1871.

governed in the particular matter, and they have the right to attach their own qualifications and limitations.

If, as in the case referred to, of *Everard* vs. *Patterson*, 1 Taunt., 645, the submission requires that the award should be in writing under the hands and seals of the arbitrators, it is not sufficient to aver that it was in writing merely, " it must be shewn in pleading that it is under seal, as well as in writing ;" and so, in *Stanton* vs. *Henry*, 11 John, 134, (both of which cases were referred to by the counsel for the appellant,) it was held " that if the proviso, in the bond of submission, required that the award shall be in writing, under their hands and seals, an award in writing, but not under seal, was bad."

It cannot, however, be said that, in the case in hand, the plea does not aver that the award was " made and signed ;" when, not content with merely referring to it as made by a majority of the arbitrators, it actually sets it out with their names subscribed to it, and refers to the names as signed by them.

The rules of pleading would have been fully satisfied if, after stating it in its own words, it had alleged that the award was made in conformity with all the conditions required by the submission ; and is it weakened or affected because a copy of the whole of it is recited, followed by the names of the arbitrators, in number necessary to a concurrence?

The second ground of appeal seeks to reverse the order of the Circuit Judge overruling the demurrer, because the plea shews that an indictment was one of the causes and matters submitted by the agreement for arbitration.

Mr. Watson, in his " Treatise on the Law of Arbitration and Awards," p. 35, says : " Matters of a criminal nature, for obvious reasons, are not capable of being submitted to the decision of an arbitrator. But there are many offences which may be made the subject of an indictment, as assaults, nuisances, and the like, and for which the prosecutor may proceed by action, where those reasons do not apply. Indictments for these may be referred to arbitration by leave of the Court where they are depending." In this State indictments for the like offences are regarded, to some extent, within the direction of the prosecutor, for even after a verdict of guilty, and the parties are reconciled, a nominal punishment is imposed. Unless the assault has been violent or enormous, it has always been the practice of our Courts, where damages have been given in a civil action, to inflict a mitigated sentence for the violation of the public peace.

It is not necessary to discuss this question here. Though the indictment and the civil suit were to be withdrawn by the plaintiff, it is distinctly stated in the agreement and bond that, as to the former, " he will, as far as he may be able to do, withdraw his prosecution, aforesaid, as to Dr. M. C. Taggart, the defendant."

It comes with an ill grace from him, now that the award has not probably equalled his expectations, to aver against the terms of an agreement to which he is a party. The defendant, against whom the indictment still stands, makes no complaint in this particular, and he is the person who alone can suffer from its enforcement, if the prosecutor is without control over it.

The motion is refused, and the appeal dismissed.

*Willard,* A. J., and *Wright,* A. J., concurred.